UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP CALLOWAY,

        Petitioner,

                                              CASE NO. 2:11-CV-10005

v.                                         HONORABLE GEORGE CARAM STEEH
                                              HON. PAUL J. KOMIVES

GREG MCQUIGGIN, Warden,

        Respondent.
_____/

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

      Now before the court is Petitioner Phillip Calloway's motion for reconsideration which shall be denied for the reasons set forth below. Calloway filed an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 which the court referred to Magistrate Judge Komives for a report and recommendation. On November 20, 2012, Magistrate Judge Komives issued his report and recommendation. (Doc. 14). On that same date, Magistrate Judge Komives issued a nondispositive order granting Petitioner's motion to amend as to one of the five unexhausted claims he sought to add, and denying his motion to stay the case so that he could exhaust his state remedies, on the grounds that the new claim was "plainly meritless." (Doc. 13). Both sides filed the same objections to the report and recommendation, complaining that Magistrate Judge Komives failed to address five of the six unexhausted claims that Calloway sought to add. On April 23, 2013, this court accepted in part and rejected in part that report and recommendation and set aside the order denying the stay to the extent that it failed to address all of the unexhausted claims Calloway sought to add.

On May 2, 2013, Petitioner timely filed his motion for reconsideration alleging that this court erred in ordering Respondent to file a response to his motion to amend and for denying him the opportunity to exhaust his state remedies. Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3). First, the court considers Calloway's complaint that the Respondent should not be allowed to respond to his motion to amend. Petitioner filed his motion to amend on November 14, 2012. Magistrate Judge Komives decided the motion to amend on November 20, 2012 before Respondent had an opportunity to respond. To the extent that the magistrate judge's order failed to address all of the new claims that Calloway sought to add, this court set aside that order, ordered the Respondent to respond, and referred the matter to the magistrate judge to consider those new claims in the first instance. Under these circumstances, Petitioner's argument that this court is allowing the Respondent "two bites at the apple" is unavailing.

Secondly, the court considers Petitioner's complaint that he is being deprived the opportunity to exhaust his state remedies. In the court's April 23, 2013 order, this court rejected the magistrate judge's order denying Calloway's request to stay the case to exhaust his state remedies as to the five new claims that were not addressed in the magistrate judge's order. As to the unexhausted claims Calloway seeks to add, this court referred the matter to the magistrate judge to determine if a stay should be granted or

-2-

whether the claims were "plainly meritless" such that a stay should not be entered. See Rhines v. Weber, 544 U.S. 269 (2005). The issue as to whether Petitioner should be allowed to exhaust his state remedies as to the five new claims he seeks to add remains very much alive as that issue has now been referred to Magistrate Judge Komives. Thus, Petitioner's argument that this court has deprived him of the opportunity to exhaust his unexhausted claims is premature.

In sum, Petitioner has not shown any "palpable defect by which the court and the parties . . . have been misled," or that "correcting the defect will result in a different disposition of the case." Accordingly, Petitioner's motion for reconsideration hereby is DENIED.

SO ORDERED.

Dated: May 9, 2013

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 9, 2013, by electronic and/or ordinary mail and also on Phillip Calloway, #719693, Muskegon Correctional Facility (MCF), 2400 S. Sheridan Drive, Muskegon, MI 49442.

s/Barbara Radke
Deputy Clerk