UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP CALLOWAY,

        Petitioner,

                                                CASE NO. 2:11-CV-10005
v.                                         HONORABLE GEORGE CARAM STEEH
                                               MAG. JUDGE PAUL J. KOMIVES

GREG MCQUIGGIN, Warden,

        Respondent.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (Doc. 27)
AND DENYING CERTIFICATE OF APPEALABILITY

      Now before the court are petitioner Phillip Calloway's objections to Magistrate Judge Komives' report and recommendation which concludes that Calloway's motion to amend his habeas petition, brought pursuant to 28 U.S.C. § 2254, should be denied. For the reasons discussed below, this court shall overrule Calloway's objections and accept and adopt the report and recommendation.

BACKGROUND

      On February 2, 2009, Calloway was convicted in Wayne County Circuit Court of second degree murder, two counts of assault with intent to commit murder, and possession of a firearm during the commission of a felony. On February 23, 2009, he was sentenced to concurrent terms of 40-60 years imprisonment each on the murder and assault convictions, and an additional mandatory term of two years imprisonment on the felony firearm conviction. On January 3, 2011, Calloway, proceeding pro se, filed his petition for

writ of habeas corpus raising two exhausted constitutional claims. The matter was referred to Magistrate Judge Komives for a report and recommendation.

Before his petition was considered, Calloway subsequently filed a motion seeking to temporarily dismiss his habeas application so that he could pursue unexhausted claims in state court. Magistrate Judge Komives construed the paper as a motion to stay the proceedings and hold the petition in abeyance. On September 19, 2011, Magistrate Judge Komives entered an order denying the motion without prejudice and directing Calloway to file a motion to amend the petition to include the additional claims which he sought to exhaust. (Doc. 10). In that order, Magistrate Judge Komives explained, that in deciding whether or not to stay a petition containing both exhausted and unexhausted claims, the court must determine whether the petitioner has "good cause" for his failure to exhaust his claims sooner or whether his claims are "plainly meritless." (Doc. 10 at 2) (citing Rhines v. Weber, 544 U.S. 269, 277 (2005)). In order to make that determination, Magistrate Judge Komives explained that Calloway needed to identify the new claims he sought to pursue in state court. (Doc. 10 at 3). Calloway complied and filed his motion to amend adding six new claims. (Doc. 12). Specifically, Calloway alleges (1) the jury oath violated his Sixth Amendment rights, (2) the trial court's jury instruction on "reasonable doubt" was constitutionally deficient, (3) the trial court provided the jury with a defective verdict form in violation of his right to a fair trial, (4) ineffective assistance of trial counsel, (5) defective jury instructions distinguishing voluntary from involuntary manslaughter, and (6) ineffective assistance of appellate counsel.

Magistrate Judge Komives issued a report and recommendation on November 20, 2012 concluding that the court should deny Calloway's application for the writ of habeas

corpus. In that report, he discussed the two claims raised in Calloway's original petition, and his claim that the oath administered to the jury in this case was defective as raised in Calloway's motion to amend. (Doc.14). On the same date, Magistrate Judge Komives issued an order denying Calloway's request to stay the case to exhaust his jury oath claim in state court on the grounds that the claim was "plainly meritless." (Doc. 13).

On April 23, 2013, this court accepted Magistrate Judge Komives' November 20, 2012 report and recommendation (Doc. 14) and accepted his conclusions of law as to Claims I (sufficiency of the evidence), II (self-incrimination), and III (defective jury oath claim). This court further granted the mutual objections of Respondent and Calloway that the report and recommendation failed to discuss Calloway's motion to amend his petition to add amended claims two through six, and referred the matter to Magistrate Judge Komives to reconsider Petitioner's motion to amend and request to stay with respect to those claims not addressed in the initial report and recommendation. Upon remand, Respondent filed a response to Calloway's motion to amend and Calloway filed a reply which Magistrate Judge Komives duly considered. On July 24, 2013, Magistrate Judge Komives issued a second report and recommendation in which he recommends that this court should deny Calloway's motion to amend as to each of the claims sought to be added as all are "plainly meritless," and for the same reason, his request for a stay so that he can exhaust those claims in state court should be denied.

## STANDARD OF LAW

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## ANALYSIS

This court has carefully reviewed the file, record, report and recommendation, and the objections. Calloway raises four objections: (1) Magistrate Judge Komives allegedly erred in considering the merits of the claims Calloway sought to add before the state court considered his claims; (2) his ineffective assistance of trial and appellate counsel claims were not limited to the record before the court, and Calloway should be allowed to have the state courts consider his attorney's alleged failure to hire an investigator, among other things, not part of the record; (3) Magistrate Judge Komives allegedly erred in concluding that there was no constitutional error in the jury instructions given; and (4) Magistrate Judge Komives' allegedly erred in denying his claim that the jury oath given was defective. Respondent has not filed a response and the time period for doing so has expired. Having carefully considered the objections de novo, this court finds Calloway has not shown any error in Magistrate Judge Komives' report and recommendation. Each of the objections is discussed below.

1. Magistrate Judge Komives properly considered the merits of the claims sought to be added.

As an initial matter, Calloway argues that Magistrate Judge Komives erred by considering the merits of the claims he seeks to add. Calloway contends that Magistrate Judge Komives may not consider the merits of those claims until they are adjudicated in the state courts. Calloway's objection lacks merit. Magistrate Judge Komives properly considered whether the amendment would be futile, and thus,

improper under Foman v. Davis, 371 U.S. 178,182 (1962); as well as whether the claims were "plainly meritless" such that Calloway's request for a stay to allow him to exhaust his state claims should be denied under Rhines, 544 U.S. at 277.

2. Calloway's ineffective assistance of counsel claims lack merit.

In his report and recommendation, Magistrate Judge Komives found that Calloway's claims that his trial and appellate counsel were constitutionally deficient lack merit. In his objections, Calloway claims that the Magistrate Judge erred in considering his claim before he has had a chance to exhaust that claim before the state courts. For the reasons discussed above, Calloway's motion to stay proceedings pending exhaustion of state remedies must be denied when the claims sought to be exhausted are "plainly meritless," as is the case here. In his motion to amend his § 2254 petition, Calloway argued that his trial and appellate counsel were defective for failing to object to certain jury instructions. Magistrate Judge Komives ruled that his counsel was not ineffective for failing to object to certain jury instructions as the instructions given were proper and the additional instruction he claimed was warranted, to explain the difference between voluntary and involuntary manslaughter, was inapplicable where the crime of involuntary manslaughter was not a defense theory at trial or supported by any evidence, and the trial court gave a proper, non-confusing instruction on voluntary manslaughter. This court agrees with Magistrate Judge Komives' legal analysis and conclusion that Calloway's objections to the jury instructions given were without merit; thus, his counsel was not ineffective for failing to object to the instructions at trial or on appeal.

In his objections, Calloway complains that Magistrate Judge Komives had an incomplete record to judge his ineffective assistance of counsel claims, and if he were to pursue the claim in state court, his attorney would submit evidence that his trial counsel allegedly failed to hire an investigator, and committed other alleged errors. Calloway further alleges that his counsel was ineffective for failing to interview his fiancé, and others, and for failing to raise other issues, which he does not articulate, that he alleges he plans to present in an anticipated motion for relief from judgment which he plans to file in state court.  In his motion to amend, however, Calloway did not base his ineffective of counsel on any of these grounds, but relied solely on his attorney's alleged failure to object to jury instructions.  The Sixth Circuit has ruled that absent compelling reasons, which are absent here, parties are procedurally barred from raising issues in their objections which were not first presented to the magistrate judge.  Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998) (citing Marshall v. Chater, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived."))).  Accordingly, Calloway's new allegations that his counsel may have been deficient, for reasons other than failing to object to allegedly defective jury instructions, are deemed waived and are not properly before the court.

3.   <u>Calloway's claim that the jury instructions given were improper lacks merit.</u>

Calloway also objects to Magistrate Judge Komives' conclusion that Calloway's motion to amend to add claims that certain jury instructions were improper should be denied as those claims are plainly meritless.  Specifically, Calloway argues that Magistrate Judge Komives should not have addressed the merits of his claim of

incorrect jury instructions until the state court rendered a decision on those issues.  For the reasons discussed above, under the guidance of the Supreme Court's decision in Rhines v. Weber, supra, Magistrate Judge Komives properly considered whether the unexhausted claims were plainly meritless such that a stay would be inappropriate. 544 U.S. at 277.  Having carefully considered Magistrate Judge's report and recommendation, the court finds that his reasoning is sound and agrees with his conclusions that the jury instructions given were proper.

4.      Magistrate Judge Komives properly concluded that Calloway was not entitled to habeas relief on his claim of an allegedly defective jury oath.

Finally, Calloway objects to Magistrate Judge Komives' conclusion that Calloway's motion to amend his habeas petition to add a claim that the jury oath given was improper should be denied.[1]  In his earlier report and recommendation, Magistrate Judge Komives found that the swearing of the jury generally involves a matter of state law that is not cognizable in federal habeas review.  (Doc. 14 at 17) (citing Baldwin v. Kansas, 129 U.S. 52, 56 (1889); Mayo v. Lynaugh, 882 F.2d 134, 137 (5th Cir. 1989)).  See also 28 U.S.C. § 2254(a).  As Magistrate Judge Komives properly noted, it is well established that habeas review does not exist for errors of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

---

[1]Magistrate Judge Komives addressed this issue in his prior report and recommendation issued on November 12, 2012.  It does not appear that Calloway objected to Magistrate Judge Komives' conclusions as to the merits of his allegedly defective jury oath claim in his objections filed on April 2, 2013 (Doc. 20), and thus the objection appears waived.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  At the time Calloway filed his objections, however, some confusion existed as to the scope of this court's review of that report and recommendation based on the magistrate judge's failure to address some of the issues raised in Calloway's motion to amend.  Accordingly, the court has considered the objection on the merits now.

Even if such a claim were cognizable, Calloway has not shown that the jury oath was defective.  During Calloway's trial below, the clerk gave the following oath to the jury:"Do you solemnly swear or affirm to truthfully deliberate this case according to the evidence and the laws of this state?" (Trial Tr., dated 1/27/09, at 79).  Michigan Court Rule 2.511(H)(1) provides:

> Oath of Jurors; Instruction Regarding Prohibited Actions.
>
> (1) The jury must be sworn by the clerk substantially as follows:
>
> "Each of you do solemnly swear (or affirm) that, in this action now before the court, you will justly decide the questions submitted to you, that, unless you are discharged by the court from further deliberation, you will render a true verdict, and that you will render your verdict only on the evidence introduced and in accordance with the instructions of the court, so help you God."

Mich. Ct. R. 2.511(H)(1).  Similarly, MCLA § 768.14 provides that the following oath shall be administered to jurors for the trial of criminal cases:

> You shall well and truly try, and true deliverance make, between the people of this state and the prisoner at bar, whom you shall have in charge, according to the evidence and the laws of this state; so help you God.

Id.  Magistrate Judge Komives found that although the instruction did not exactly track the instruction set forth in Mich. Ct. R. 2.511(H) and MCLA § 768.14, the instruction was not defective where "[w]hen read together with the remainder of the trial court's comments and instructions, the substance of the oath administered served its purpose of informing the jurors that they were to pay attention to the evidence, judge the credibility and demeanor of the witnesses, and conduct themselves at all times consistent with the important role in which they were serving."  (Doc. 27 at 14-15) (citing People v. Carter, No. 239350, 2003 WL 22017813, at *1 (Mich. Ct. App. Aug. 26, 2003)).

-8-

In his objections, Calloway relies on People v. Allan, 299 Mich. App. 205, 219 (2013), where the Michigan Court of Appeals held that the trial court's failure to swear in the jury at all amounted to plain error, which required reversal of the defendant's conviction.  This case is markedly distinguishable from Allan, because the jury that convicted Calloway was sworn in after it was impaneled, and the instruction given substantially conformed to the oath set forth in the Michigan Court Rules and the Michigan statute.  Accordingly, Calloway's objection to Magistrate Judge Komives' conclusion that the jury oath given was both not defective, and not the proper subject of a habeas petition, shall be overruled.

## CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir.1997).

## CONCLUSION

For the reasons set forth above, the court hereby ACCEPTS and ADOPTS Magistrate Judge Komives' report and recommendation (Doc. 27) as this court's conclusions of law and OVERRULES Calloway's objections (Doc. 29).  Calloway's motion to amend (Doc. 12) and request for a stay shall be DENIED and a certificate of appealability is hereby DENIED.

SO ORDERED.

Dated:  September 6, 2013

                                             s/George Caram Steeh  
                                             GEORGE CARAM STEEH  
                                             UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 6, 2013, by electronic and/or ordinary mail and also on Phillip Calloway, #719693, Muskegon Correctional Facility, 2400 S. Sheridan Drive, Muskegon, MI 49442.

s/Barbara Radke  
Deputy Clerk

---